**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DIVISION OF PENNSYLVANIA
READING DIVISION**

| | | |
|---|---|---|
| IN RE:  MARK SCHLEDER | : | |
| AND JENNIFER SCHLEDER | : | Bankruptcy No. 15-10368-REF |
| | : | |
| | : | Chapter 13 |
| Debtors | : | |

**CHAPTER 13 PLAN**

The Debtors submit the following Chapter 13 Plan and make the following declarations:

I. **PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE:**

The Debtor submits the following to the supervision and control of the Trustee:

1. Payment period:  Monthly

   Length of Plan (in months):  60 months

   Bank of America: $20,000.00

   Amount to be paid to Lynn E. Feldman, Esq.:$2,310.00

   Amount of Plan: $43,000.00

   Amount of monthly payments: $720.00 per month

2. Payor to be:  Debtors
3. Other property:  None.

II. **TREATMENT OF CLAIMS**

4. Class one: Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to **priority** under 11 U.S.C. § 507, including: None

   Trustee to receive:  Statutory Allowances

   Attorney's fees to be paid through the Plan:  $2,310.00

5. Class one: Secured creditors will retain their liens until their allowed secured claims are paid in full, and shall be deemed to have accepted this plan unless they object to the plan.

      a. The arrears shall be paid through the Plan to Bank of America and the regular payments shall be paid outside the Plan.

6. Allowed unsecured claims not otherwise referred to in the Plan shall be treated as follows: This is a 100% plan. All allowed general unsecured claims **timely** filed shall be paid in full. Any non-exempt proceeds shall be paid into the Plan to creditors. Late filed claims will not be paid in the Plan.

### III.  OTHER PROVISIONS

7. On the Chapter 13 Petition, filing date, the following creditors have judicial liens upon exempt property of Debtor - None.

8. The value, as of the date of the filing of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

9. The Debtor will be able to make all payments and comply with all provisions of the Plan, based upon the availability to the Debtor of the income and property the Debtor proposes to use to complete this Plan. The Debtor is reasonably assured that said income and property is, and will continue to be, available to make the payments and complete the Plan. The Plan has been proposed in good faith and not by any means forbidden by law.

### IV.  **REVESTMENT OF THE PROPERTY IN DEBTOR**

10. Property of the estate shall revest in the Debtor upon Plan Confirmation. Holders of allowed secured claims shall retain their liens until the allowed claim is paid in full by debtors.

Dated: *1/19/15*       */s/ Lynn E. Feldman*
                                LYNN E. FELDMAN, ESQUIRE